IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN MORRIS, on behalf of herself and those similarly situated,<br>　　　　　　　　　　Plaintiff,<br>　　　v.<br>CK FRANCHISING, INC.; MD ENTERPRISES LLC; and MARLIN DUNCAN,<br>　　　　　　　　　　Defendants. | CIVIL ACTION<br><br>No. 3:15-cv-00018-ARC |

**PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION
FOR POSTPONEMENT OF THE TIME TO MOVE FOR
<u>CLASS CERTIFICATION UNDER LOCAL CIVIL RULE 23.3</u>**

Plaintiff respectfully submits this brief in support of her motion to postpone the class certification motion deadline beyond the 90-day period set forth in Local Civil Rule 23.3. As discussed herein, the Court should postpone the class certification deadline until a future date to be established in the Court's initial scheduling order.

**A. <u>Background</u>**

On January 4, 2015, Plaintiff Kathleen Morris ("Plaintiff") commenced this class/collective action lawsuit by filing a complaint. <u>See</u> Doc. 1. This is a Rule 23 class action asserting claims for unpaid overtime premium wages under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, <u>et seq</u>. <u>See id</u>.

This lawsuit is in the preliminary stages.  Defendants have not yet responded to Plaintiff's complaint, no discovery has taken place, and the Court has not scheduled an initial case management conference.

**B.  <u>Similar Deadlines to Local Civil Rule 23.3 are Routinely Extended.</u>**

Local Civil Rule 23.3 requires a plaintiff to move for class certification within 90 days of filing his/her complaint "unless this period is extended on motion of good cause appearing."  However, because modern class action practice generally requires the plaintiff to obtain "pre-certification" discovery, <u>see</u>, <u>e.g.</u>, <u>Weiss v. Regal Collections</u>, 385 F. 3d 337, 347 n. 17 (3d Cir. 2004), appropriate class certification deadlines generally are discussed at the initial case management conference, at which time "the judge and counsel can address issues bearing on certification and can establish a schedule for the work necessary to permit an informed ruling on the class certification motion," <u>Manual for Complex Litigation, Fourth</u> at § 21.133.  Indeed, Judge Rubrino of the Eastern District of Pennsylvania has characterized the "normal path" as beginning with the court "setting a deadline for Plaintiff to file a motion for class certification."  <u>Korman v. The Walking Co.</u>, 503 F. Supp. 2d 755, 763 (E.D. Pa. 2007).

Because the strict application of deadlines similar to Local Civil Rule 23.3 often would require plaintiffs to file premature class certification motions without the benefit of any discovery, district courts regularly extend such deadlines or

excuse a plaintiffs' non-compliance with the deadline. See, e.g., Korman, 503 F. Supp. 2d at 763; Robinson v. Holiday Universal, Inc., 2006 U.S. Dist. LEXIS 65082, *33-36 (E.D. Pa. Sept. 12, 2006); Karnuth v. Rodale, Inc., 2003 U.S. Dist. LEXIS 12095, *12 (E.D. Pa. July 7, 2003); Reilly v. Gould, Inc., 965 F. Supp. 588, 594 (M.D. Pa. 1997); see also McHenry v. Bell Atlantic Corp., 1998 U.S. Dist. LEXIS 12733, *21-23 (E.D. Pa. Aug. 19, 1998) (citing additional cases).

### C. **Extension of the Local Civil Rule 23.3 Deadline is Warranted.**

Here, good cause exists to extend Local Civil Rule 23.3's class certification deadline until a date to be established in the Court's initial scheduling order. As already discussed, this litigation is in the early stages, no attorneys for Defendants have entered their appearance for Defendants, and neither party has taken discovery. Extension of the deadline will not cause either party prejudice and will not cause undue delay. On the contrary, the requested extension will enable this class action lawsuit to proceed in an orderly fashion, consistent with the manner in which similar lawsuits are routinely litigated.

**WHEREFORE**, Plaintiff respectfully request that the Court grant this motion and enter the accompanying proposed order.

Date: January 19, 2015　　　　　/s/ R. Andrew Santillo
　　　　　　　　　　　　　　　Peter Winebrake
　　　　　　　　　　　　　　　R. Andrew Santillo
　　　　　　　　　　　　　　　Mark J. Gottesfeld
　　　　　　　　　　　　　　　Winebrake & Santillo, LLC
　　　　　　　　　　　　　　　715 Twining Road, Suite 211

Dresher, PA 19025
(215) 884-2491

Jerry Martin (admitted *pro hac vice*)
David Garrison (*pro hac vice* admission anticipated)
Barrett Johnston Martin & Garrison LLC
414 Union Street, Suite 900
Nashville, TN 37219
(615) 244-2202

*Attorneys for Plaintiff*