IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN MORRIS<br><br>v.<br><br>MD ENTERPRISES LLC and MARLIN DUNCAN | :<br>:<br>:  3:15-cv-00018-ARC<br>:<br>:<br>:<br>:<br>: |

# CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Plaintiff (as defined below) and Defendants (as defined below) STIPULATE and AGREE as follows:

**1.     Definitions.**  The following terms will have the following meanings:

**"Administrator"** means Strategic Claims Services, 600 North Jackson Street, Suite 3, Media, PA 19063.

**"Action"** means the above-captioned class action lawsuit.

**"Agreement"** means this "Class Action Settlement Agreement and Release."

**"Class Counsel"** means Winebrake & Santillo, LLC (Dresher, PA).

**"Class Members"** means all individuals listed in Exhibit A.

**"Court"** means the United States District Court for the Middle District of Pennsylvania.

**"Defendants"** means MD Enterprises LLC and Marlin Duncan.

**"Defense Counsel"** means Jackson Lewis P.C. (Philadelphia, PA).

**"Effective Date"** means the later of (a) thirty-one (31) calendar days after the Final Approval Date or (b) if the Court's final approval order is the subject of an appeal and upheld on appeal, one day after the final resolution of the appeal.

**"Final Approval Date"** means the date on which the Court enters an order granting final

approval of the Settlement.

**"Notice Form"** means the document entitled "Class Action Settlement Notice" and attached as Exhibit B.

**"Participating Class Members"** means all Class Members who do not exclude themselves from this Settlement pursuant to Paragraph 8.

**"Parties"** refers jointly to Plaintiff and Defendants.

**"Payout Amount"** means, for each Class Member, the amount listed in Exhibit A. If the Court approves Plaintiff's request for a $3,000.00 service award and Class Counsel's request for $46,000.00 in fees and expenses, then each Class Member's Settlement Payout Amount will equal the amount listed in Exhibit A.[1]

**"Plaintiff"** means Kathleen Morris.

**"Preliminary Approval Date"** means the date on which the Court enters the order preliminarily approving this Settlement.

**"Released Parties"** means Defendants and any of their parents, franchisors, partners, subsidiaries, affiliates, predecessors, agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, representatives, or other persons or entities acting on Defendants' behalf.

**"Settlement"** means the terms and conditions described in this Agreement.

2.  **Maximum Settlement Amount.** Defendants' total payment under this Settlement will not under any circumstances exceed $145,000.00. Defendants may unilaterally revoke this Agreement if future circumstances require them to pay over $145,000.00.

---

[1]   If the Court disapproves any portion of the service award sought by Plaintiff or the fees/expenses sought by Class Counsel, the disapproved amounts will be distributed among the Participating Class Members on a *pro rata* basis and will enhance each Participating Class Member's Payout Amount accordingly.

3.      **Condition Precedent.**  This Settlement is conditioned on the passage of the Effective Date.

4.      **Release.**  Upon passage of the Effective Date, each Participating Class Member (on behalf of himself/herself and his/her heirs, spouses, administrators, executors, assigns, and representatives) releases and forever discharges the Released Parties from all legal or equitable claims arising prior to December 14, 2014 and either asserted in or reasonably related to the Action, including such claims under the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment & Collection Law, 43 P.S. §§ 260.1, *et seq.*, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, or any other federal, state, or local statute, regulation, rule, or common law theory.

5.      **Preliminary Approval Motion.**  Upon the execution of this Agreement, Class Counsel will file with the Court an unopposed motion seeking entry of an order preliminarily approval the Settlement, authorizing distribution of the Notice Form to the Class Members, and scheduling a final approval hearing.

6.      **Class Notice.**  No later than three (3) business days after the Preliminary Approval Date, Defendants will provide to Class Counsel and the Administrator an Excel spreadsheet listing each Class Member's last known residential address.  Also, subject to a confidentiality agreement to be prepared by Defense Counsel and executed by the Administrator, Defendants will provide the Administrator (but not to Class Counsel) each Class Member's social security number.  No later than six (6) business days after the Preliminary Approval Date, the Administrator will mail the Notice Form to each Class Member.  If the Postal Service returns any Notice Form with a forwarding address, the Administrator will promptly re-mail the form to the forwarding address.  If the Postal Service returns any Notice Form without a forwarding

address, the Administrator will make all good faith and reasonable efforts to obtain the Class Member's current mailing address and will promptly re-mail the Notice Form to any updated address.

7. **Objections.** Class Members desiring to object to the Settlement must do so in writing in the manner described in the Notice Form. All objections must be postmarked on or before forty-nine (49) calendar days after the Preliminary Approval Date. Class Counsel will promptly file all written objections with the Court.

8. **Exclusion from Settlement.** Class Members desiring to exclude themselves from the Settlement must do so in writing in the manner described in the Notice Form. All exclusion requests must be postmarked on or before forty-nine (49) calendar days after the Preliminary Approval Date. Class Counsel will promptly file all exclusion requests with the Court. Class Members who submit timely exclusion requests are not bound by or subject to the Settlement.

9. **Payments to Participating Class Members.** Within three (3) business days after the Effective Date, Defendants will pay to the Administrator an amount equaling the sum of all Participating Class Members' Payout Amounts. Within ten (10) business days after the Effective Date, the Administrator will mail to each Participating Class Member (a) a payroll check in the gross amount of his/her Payout Amount, from which the Administrator will withhold all applicable federal, state, and local taxes and withholdings ordinarily borne by both employees and employers and (b) an IRS W-2 Form reflecting his/her Payout Amount. If any settlement check or replacement settlement check remains uncashed 105 days after the Effective Date, the Administrator will stop payment on the check and will return all associated funds to Defendants.

10. **Payment of Plaintiff's Requested Service Award.** Plaintiff will seek (and

- 5 -

Defendants will not oppose) Court approval of a service award of $3,000.00.  Within three (3) business days after the Effective Date, Defendants will mail to Class Counsel a non-payroll check made payable to Plaintiff and equaling any Court-approved service award.  At the end of the applicable tax year, Defendants will issue to Plaintiff an IRS 1099 Form reflecting this payment.  Plaintiff is solely responsible for the payment of any taxes associated with this payment.

**11.     Payment of Class Counsel's Requested Fees and Expenses.**  Class Counsel will seek (and Defendants will not oppose) Court approval of fees and expenses of $46,000.00.  Within three (3) business days after the Effective Date, Defendants will mail to Class Counsel a non-payroll check made payable to Class Counsel and equaling any Court-approved fees and expenses.  At the end of the applicable tax year, Defendants will issue to Class Counsel an IRS 1099 Form reflecting this payment.  Class Counsel is solely responsible for the payment of any taxes associated with this payment.

**12.     Payment of the Administrator's Fees and Expenses**.  Class Counsel is solely responsible for the payment of any fees or expenses charged by the Administrator.

**13.     Final Approval Motion.**  Within fifty-six (56) days of the Preliminary Approval Date, Class Counsel will file with the Court an unopposed motion seeking entry of an order certifying a settlement class, granting final approval of the Settlement and the associated service award and attorney's fees and expenses, and dismissing the Action with prejudice.

**14.     Entire Agreement.**  This Agreement embodies the entire agreement between the Parties with controls over any prior communications regarding the Settlement.  In entering into the Settlement, no Party has relied on any representations not explicitly contained in this Agreement.

**15.     Successors.**  The Settlement and this Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

**16.     No Admissions.**  Nothing in this Agreement constitutes an admission or suggestion of liability by any Party.  Defendants deny any wrongdoing and continue to assert that, absent this Settlement, they ultimately would prevail in the Action.

**17.     Court Approval Not Obtained.**  If the Court does not approve the Settlement, the Parties' litigation positions will return to the *status quo ante* and, for example, Defendants will not have waived, compromised, or impacted any objections or defenses to Plaintiff's claims or the propriety of class-wide litigation.

**18.     Duty to Defend.**  The Parties and their counsel will support the Agreement against any legal challenge.

**19.     Warranty of Authority.**  Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

**20.     Evidentiary Privilege.**  This Agreement and all associated negotiations are covered by Federal Rule of Evidence 408.

**21.     Applicable Law.**  This Agreement is governed and construed pursuant to Pennsylvania law.

**22.     Written Modifications.**  This Agreement may not be modified except by a written agreement signed by all Parties and approved by the Court.

**23.     Execution.**  This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this

Agreement on the dates indicated below:

*Kathleen Morris* _____ 7-23-2015
Kathleen Morris                                   Date

*[signature]* _____ 7/23/15
For Winebrake & Santillo, LLC                     Date

*Marlin Duncan* _____ 7/24/15
Marlin Duncan                                     Date

*[signature]* _____ 7/24/15
For MD Enterprises LLC                            Date

*[signature]* _____ 7/24/15
For Jackson Lewis P.C.                            Date

-7-

# Exhibit A

# EXHIBIT A

| NAME (Last, First) | Individual Settlement Amount |
|---|---|
| ACERRA, SAMANTHA L. | ███ |
| ADAMS, JAHMEKIA E. | ███ |
| ADAMS, SHAHEEN | ███ |
| ADDES, VALERIE Y. | ███ |
| ALTIERI, KAREN A. | ███ |
| ANDERSON, LISA R. | ███ |
| AYALA, REBEKAH | ███ |
| BABCOCK, LANA S. | ███ |
| BAMIDELE, ABIMBOLA L. | ███ |
| BANNING, DEITRA L. | ███ |
| BARTOLI, BEVERLY | ███ |
| BELLAMY, EARL | ███ |
| BENJAMIN, TRACI L. | ███ |
| BENNETT, MELANIE L. | ███ |
| BERMUDEZ, TAINA | ███ |
| BIANCO, ALICIA V. | ███ |
| BOLDEN, DAWN | ███ |
| BOLTON, LYNDORA K. | ███ |
| BOWMAN, RACHEL | ███ |
| BRITTENBURG, ADRIENNE C. | ███ |
| BRITTINGHAM, SHARON L. | ███ |
| BROCKWAY, EMMA | ███ |
| BROWN, AMBER | ███ |
| BROWN, KAREN J. | ███ |
| BROWN, PHYLLIS N. | ███ |
| BUBROWSKI, GENEVIEVE H. | ███ |
| BUI, NICOLE A. | ███ |
| BURK, MICHELLE | ███ |
| BURKE, LAUREEN | ███ |
| CALIA, NICOLE | ███ |
| CARD, GAIL | ███ |
| CARMONA, ANGELICA P. | ███ |
| CARNEVALE, LAURA M. | ███ |
| CARRASQUILLO, NILCA | ███ |
| CARRELLI, KAREN E. | ███ |
| CASALE, CHRISTINE | ███ |
| CASSIDY, BERNICE T. | ███ |
| CHAPARRO, JENNIFER M. | ███ |
| CHECEFSKY, JEAN M. | ███ |
| CHICKEY, JANELLE S. | ███ |
| COLON, ANGELINE A. | ███ |
| CONTRERAS, MELISSA | ███ |
| COOL, LEAH A. | ███ |
| CORDICK, MARY | ███ |
| CORDICK, NANCY M. | ███ |
| CORRADINI, SONDRA | ███ |

# EXHIBIT A

| NAME (Last, First) | Individual Settlement Amount |
|---|---|
| COSME, JASMINE | ███ |
| COUNCIL, ALONNA | ███ |
| COYNE, AMBER L. | ███ |
| CRIST, MELISSA N. | ███ |
| CRUZ, ERICKA A. | ███ |
| CUPP, DOROTHY | ███ |
| DAVIS, KITISHA A. | ███ |
| DIAZ, LUCILIA | ███ |
| DOLINSKY, TABITHA N. | ███ |
| EBERT, DANIELLE R. | ███ |
| EIFERT, STEPHANIE N. | ███ |
| ESSER, REBECCA J. | ███ |
| EVANS, LINDA C. | ███ |
| FAATZ, NANCY J. | ███ |
| FAIRCHILD, DUSTY M. | ███ |
| FASCIANA, FRANCES | ███ |
| FENSTEMAKER, SHAWNA M. | ███ |
| FERRANTE, MARYLOU | ███ |
| FOSTER, MARIA | ███ |
| FRAHN, JANICE A. | ███ |
| FREEMAN-BROSCIUS, TAMIKA | ███ |
| FRITZ, ARNIE E. | ███ |
| FRUIT, BARBARA | ███ |
| GARCIA, LISA M. | ███ |
| GARREN, JACQUELINE M. | ███ |
| GIBSON, SUSAN A. | ███ |
| GORDON, AUBREY N. | ███ |
| GREENBERG, DEBRA L. | ███ |
| GREENIDGE, JANELLE D. | ███ |
| GREENLEY, CARLA M. | ███ |
| GREGORY, AMY L. | ███ |
| GROFF, GAYLE M. | ███ |
| GUDMAN, JUDITH | ███ |
| GYLE, DONNA L. | ███ |
| HARTZ-PYTAK, BARBARA A. | ███ |
| HERB, REBEKAH S. | ███ |
| HERNANDEZ, DEBORAH | ███ |
| HERON, GINA L. | ███ |
| HERRON, JOAN C. | ███ |
| HOCKENBERRY, ANDREA L. | ███ |
| HOUCK, KRISTI L. | ███ |
| HOUSER, BARBARA A. | ███ |
| HOWLEY, SUSAN A. | ███ |
| HRICIK, HOLLY | ███ |
| HUFFMAN, TONIA M. | ███ |
| HULSIZER, MICHELE M. | ███ |

# EXHIBIT A

| NAME (Last, First) | Individual Settlement Amount |
|---|---|
| HUNADI, STEPHANIE A. | ▓▓▓ |
| JACKSON, AUDREY | ▓▓▓ |
| JACKSON, LATREAIL A. | ▓▓▓ |
| JAFFE, DEBRA D. | ▓▓▓ |
| JIMOH, ANGELINA | ▓▓▓ |
| KERNODLE, JESSICA L. | ▓▓▓ |
| KIBLER, DIANE L. | ▓▓▓ |
| KINCHEN, NASHONDA | ▓▓▓ |
| KLINE, RICHELLE P. | ▓▓▓ |
| KOVAL, REBECCA J. | ▓▓▓ |
| KRAMER, ANGELA M. | ▓▓▓ |
| LAMBIDES, DANA M. | ▓▓▓ |
| LEE, KYNIA | ▓▓▓ |
| LEYMEISTER, NANCY J. | ▓▓▓ |
| LONG, JENNIFER R. | ▓▓▓ |
| LOREMAN, MARIE A. | ▓▓▓ |
| LORENZO, VANESSA | ▓▓▓ |
| LUTZ, DENISE | ▓▓▓ |
| LYNN-PETERS, BRIANN A. | ▓▓▓ |
| MACOSKY, JOSHUA D. | ▓▓▓ |
| MARSYADA, SHANNON M. | ▓▓▓ |
| MARTY, MARIA M. | ▓▓▓ |
| MASKER, SANDRA | ▓▓▓ |
| MASTROIANNI, LESLIE G. | ▓▓▓ |
| MAURER, JUDITH L. | ▓▓▓ |
| MAURER, MELISSA M. | ▓▓▓ |
| MCCAIG, PAMELA J. | ▓▓▓ |
| MCCULLOUGH, AUDREY E. | ▓▓▓ |
| MCLUER, MARGARET M. | ▓▓▓ |
| MCSHANE, PATRICIA | ▓▓▓ |
| MENCHEFSKY, DARLENE M. | ▓▓▓ |
| MENDEZ, GRISELT | ▓▓▓ |
| MENGEL, MELISSA L. | ▓▓▓ |
| MESSNER, DONNA E. | ▓▓▓ |
| MICHALSKI, MEREDITH | ▓▓▓ |
| MILLER, MARGARET I. | ▓▓▓ |
| MITCHELL, MARCELLA L. | ▓▓▓ |
| MOEDER, TAMMY A. | ▓▓▓ |
| MOORE, CONCHETTA | ▓▓▓ |
| MORILLO, BETHANIA | ▓▓▓ |
| MORRIS, KATHLEEN M. | ▓▓▓ |
| MOTTER, NEVA | ▓▓▓ |
| MROS, ANNAMARIE | ▓▓▓ |
| MULDRIG, MOLLY | ▓▓▓ |
| MUMAW, MARY | ▓▓▓ |
| MUNIZ, JESSICA M. | ▓▓▓ |

# EXHIBIT A

| NAME (Last, First) | Individual Settlement Amount |
|---|---|
| NIEVES, MAYLISE | ███ |
| NULLET, BARBARA A. | ███ |
| OLIVER, CARL R. | ███ |
| OLIVER, MARGARET M. | ███ |
| OVIEDO, ELOISA M. | ███ |
| PARKS, JAMIE L. | ███ |
| PARRISH, DONNA | ███ |
| PATRONICK, AMY M. | ███ |
| PENA, ANGELICA | ███ |
| PERSAD, PARBATIE | ███ |
| PICHARDO, KRISTINE | ███ |
| PORTALATIN, CASSANDRA L. | ███ |
| POWELL, TINA L. | ███ |
| RAMBO, ALEXIS | ███ |
| RAUENZAHN, KYLEIGH L. | ███ |
| REHRIG, ASHLEY M. | ███ |
| REZNICK, MURIEL E. | ███ |
| RIVADENEIRA, GINA S. | ███ |
| RODRIGUEZ, KIMBERLY A. | ███ |
| RONCO, DAWN M. | ███ |
| SAINT-LOUIS, ELZA | ███ |
| SALSMAN, DANIELE E. | ███ |
| SANTIAGO, NEYDINE M. | ███ |
| SCHAEFER, KARENANN E. | ███ |
| SCHLEGEL, HOPE | ███ |
| SCLAFANE, LISA M. | ███ |
| SEASOCK, DAWN K. | ███ |
| SECTER, INGA | ███ |
| SERAFIN, ELIZABETH L. | ███ |
| SHAY, TERRY M. | ███ |
| SHEDLOCK, MARTHA L. | ███ |
| SHERMAN, COURTNEY L. | ███ |
| SINGH, REHANNA | ███ |
| SKOUTELAKIS, CAROLYN | ███ |
| SKOVRONSKI, KRISTIN M. | ███ |
| SLATER, DAVID M. | ███ |
| SMITH, SALLY K. | ███ |
| SMITH, SHAKINA C. | ███ |
| SMITH, SHARON L. | ███ |
| SMITH, TREYVEA A. | ███ |
| SMITHLINE, ALICE M. | ███ |
| SOANES, HOPE M. | ███ |
| STANLEY, MICHELE F. | ███ |
| STORPER, MICHAEL P. | ███ |
| STRICKLER-OLIPHANT, CHRISTINA | ███ |
| SUNDAY, JANE M. | ███ |

# EXHIBIT A

| NAME (Last, First) | Individual Settlement Amount |
|---|---|
| THOMPSON, JOCELYN M. | ███ |
| THORNE, KAYLA | ███ |
| TORRES, MIGDALIA | ███ |
| TRAVIS, REBECCA J. | ███ |
| TROTTA, CHARLETTE A. | ███ |
| TURNER, MONICA | ███ |
| TUTKO, MELISSA A. | ███ |
| ULRICH, LYNN M. | ███ |
| UPDYKE, SALLY A. | ███ |
| VANAUKEN, LUCILLE F. | ███ |
| VASQUEZ, DENISE D. | ███ |
| VASQUEZ, DOROTHY A. | ███ |
| VELASQUEZ, YANYRIS D. | ███ |
| VINCAVAGE, APRIL A. | ███ |
| VINCAVAGE, TAMMY L. | ███ |
| VITAL, MARTINE | ███ |
| VOSBURG, AMIE D. | ███ |
| WALKER, SHANEQUA | ███ |
| WILLIAMS, ANN A. | ███ |
| WILLIAMS, CAROLYN | ███ |
| WILLIAMS, MARIA A. | ███ |
| WILLIAMS, SIDNEY L. | ███ |
| WILLIAMS, TANEQUA S. | ███ |
| WILLIAMS, TIFFANY | ███ |
| WILLS, SARAH A. | ███ |
| WISE, DOMINIQUE R. | ███ |
| WITNER, SUSAN M. | ███ |
| WOO, RUTH E. | ███ |
| WRIGHT, BAILEY | ███ |
| YALCH, ROSE M. | ███ |
| YURISTA, JANICE M. | ███ |
| ZURAWSKI, JOELLE I. | ███ |
| ZWEIZIG, JUNE M. | ███ |
| ZYNEL, LAUREN C. | ███ |
| **TOTAL** | **$96,000.00** |

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN MORRIS | :<br>:<br>:  3:15-cv-00018-ARC |
| v. | :<br>: |
| MD ENTERPRISES LLC and MARLIN DUNCAN | :<br>:<br>: |

**TO:  [*INSERT CLASS MEMBER NAME*]**

<u>**CLASS ACTION SETTLEMENT NOTICE**</u>

**IF YOU RECEIVED THIS NOTICE IN THE MAIL IN AN ENVELOPE ADDRESSED TO YOU, YOU ARE COVERED BY THE SETTLEMENT OF THIS CLASS ACTION LAWSUIT.**

**THE UNITED STATES DISTRICT COURT HAS AUTHORIZED THIS NOTICE, WHICH SUMMARIZES THE TERMS OF THE SETTLEMENT AND EXPLAINS YOUR RIGHTS UNDER THE SETTLEMENT.**

**PLEASE READ THIS DOCUMENT CAREFULLY.**

**1.     What is the Lawsuit About?**

The United States District Court for the Middle District of Pennsylvania ("Court") presides over this Lawsuit, which was filed in January 2015 by Plaintiff Kathleen Morris ("Plaintiff") against Defendants MD Enterprises LLC and Marlin Duncan (collectively "MD Enterprises").  Here is a brief description of the legal claims asserted in the Lawsuit:

The Pennsylvania Minimum Wage Act ("PMWA") entitles many employees to "time and one-half" overtime pay for hours worked over 40 per week.  For example, under the PMWA, an employee paid at a regular rate of $8.00/hour is entitled to $12.00/hour for her overtime work.

Some employees are not entitled to extra overtime pay because their jobs are "exempt" from the PMWA's overtime pay requirement rule.  Prior to December 14, 2015, MD Enterprises classified its home health employees as exempt from the overtime pay requirement.  Thus, MD Enterprises paid its home health employees at their regular rate for *all* work hours, including overtime hours worked over 40 per week.

In this lawsuit, Plaintiff alleges that, prior to December 2014, MD Enterprises violated the PMWA by failing to provide extra overtime pay to herself and other home care employees.  MD Enterprises disagrees and asserts that home health employees are exempt from the PMWA's

1

overtime pay requirement.

The Court has not yet decided whether Plaintiff or MD Enterprises will win the Lawsuit.

**2.     Why did I get this Notice?**

The Lawsuit covers the time period between January 4, 2012 and December 14, 2014.  This time period is referred to as the **"Relevant Time Period."**

According to MD Enterprises' payroll records, you worked for MD Enterprises as a home health employee and were credited with working over 40 hours during at least one week within the Relevant Time Period.  This makes you a "**Class Member**" covered by this Lawsuit.

As a Class Member, you have the right to learn about the settlement of this Lawsuit and, if you choose, to object to or exclude yourself from the settlement.

As discussed below, you will automatically be covered by the settlement unless you take affirmative steps to exclude yourself from the settlement.

**3.     What does the settlement provide?**

Subject to Court approval, the Lawsuit has been settled for a total amount of $145,000.00.

Under the proposed settlement, each Class Member is eligible to receive a *pre-tax* payment equaling approximately **75%** of the extra overtime pay that he/she did not receive during the Relevant Time Period.

Under the proposed settlement, you are entitled to a payroll check in the amount of **$[*insert Payout Amount*]**.  If the Court approves the settlement, you will receive your payroll check sometime in late-2015.  Because your settlement payment represents wages, it will be reduced to account for all ordinary payroll and income taxes and withholdings ordinarily incurred by both employers and employees.

**4.     Why is there a settlement?**

*The settlement is a compromise*.  It allows the parties to avoid the costs and risks of further litigation and provides money to Class Members without significant delay.  In reaching this settlement, MD Enterprises has not admitted that it violated any laws.

**5.     How can I receive a settlement payment?**

*You do not need to do anything to receive your settlement payment.*  Unless you exclude yourself from the settlement by following the procedure described in Section 9 below, you will receive a settlement payment.

| **6.** | **What do I give up by participating in the settlement?** |

Unless you exclude yourself from the settlement by following the procedure described in Section 9 below, you will release all legal claims you may have against MD Enterprises or any of their officers, agents, or affiliates seeking unpaid overtime pay under the PMWA, the Pennsylvania Wage Payment and Collection Law, the federal Fair Labor Standards Act, or any other federal, state, or local statute, regulation, or legal theory arising prior to December 14, 2014.

If you currently are pursuing a legal claim against MD Enterprises or if you anticipate filing a future legal claim against MD Enterprises, you should consult with your attorney about this settlement and the impact this release may have on your current or anticipated legal claim.

| **7.** | **Do I have a lawyer in this case?** |

The Court has designated the following law firm to serve as "Class Counsel" and represent the interests of Plaintiff and the Class Members: Winebrake & Santillo, LLC, 715 Twining Road, Suite 211, Dresher, PA 19025 (Phone: 215-884-2491; Website: www.winebrakelaw.com).

Lawyers from this firm are available to answer your questions in strict confidence. If you call the firm, please identify yourself as a "Class Member" in the "MD Enterprises Lawsuit" and ask to speak with one of the lawyers working on the case.

| **8.** | **How will the lawyers get paid?** |

The law firm identified in Section 7 above has worked on this Lawsuit without receiving any payments for their time or expenses. Under the settlement, these law firms will ask the Court for attorneys' fees and expenses totaling $46,000.00. After this amount is reduced by the firm's out-of-pocket expenses, the resulting attorney's fee represents approximately 25% of the total $145,000.00 value of the settlement.

You will *not* pay any additional attorney's fees or expenses out of your individual settlement payment described in Section 3 above.

| **9.** | **How do I exclude myself from the settlement?** |

If you do not want to participate in this settlement, you must prepare a note or letter simply stating: "I wish to be excluded from the MD Enterprises Overtime Lawsuit." The letter or note may be handwritten. Be sure to include your signature, name, address, and phone number.

To be valid, your exclusion request *must be postmarked no later than [insert date]* and be mailed to:
> MD Enterprises Overtime Lawsuit
> c/o Strategic Claims Services
> 600 North Jackson Street, Suite 3

                Media, PA 19063

If you exclude yourself from the settlement, you will not receive a settlement payment, and you will not be legally bound by the settlement or the release of legal claims described in Section 6 above.

**10.    How can I object to the settlement?**

You may object to the settlement if, for any reason, you believe it should not be approved by the Court.  The Court will consider your objection in deciding whether to approve the settlement.

To object to the settlement, you must prepare a letter or note stating that you object to the settlement in the "MD Enterprises Overtime Lawsuit."  The letter or note may be handwritten.  Be sure to include your signature, full name, address, and telephone number.  Also, to the best of your ability, describe all the reasons why you object to the settlement.

To be valid, your objection ***must be postmarked on or before [insert date]*** and must be mailed to:
                MD Enterprises Overtime Lawsuit
                c/o Strategic Claims Services
                600 North Jackson Street, Suite 3
                Media, PA 19063

**11.    When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing to decide whether to approve the settlement.  You are not required or expected to attend that hearing.  However, you are welcome to attend.

The hearing will take place on [*insert day*] at [*insert time*] at the Max Rosenn United States Courthouse, 197 South Main Street, Courtroom [*insert room*], Wilkes-Barre, PA.

During the hearing, the Court will consider whether the settlement is fair and reasonable and should be approved.  The Court also will consider all written objections to the settlement and will hear from any Class Members (or their legal representatives) who wish to be heard.

**12.    How do I obtain more information?**

This Notice summarizes the most important aspects of the proposed settlement.  You can obtain further information by calling the law firm listed in Section 7 above.

Dated:  [*insert*]                              Approved:    Hon. A. Richard Caputo
                                                             United States District Court
                                                             Middle District of Pennsylvania